Steven P. Rice (State Bar No. 094321)
Theresa C. Lopez (State Bar No. 205338)
CROWELL & MORING LLP
3 Park Plaza, 20th Floor
Irvine, CA 92614-8505
Telephone:  (949) 263-8400
Facsimile:  (949) 263-8414
Email:       srice@crowell.com
             tlopez@crowell.com

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| STUART HUTCHISON and BARBARA HUTCHISON, on behalf of themselves and all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AT&T INTERNET SERVICES, INC., f/k/a SBC INTERNET SERVICES, INC., a Delaware corporation and subsidiary of AT&T, INC.; YAHOO! INC., a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. CV 07-3674-SVW (JCx)<br><br>**MODIFIED STIPULATED PROTECTIVE ORDER** |

WHEREAS certain documents and information have been and are likely to be sought, produced, or exhibited by Defendants AT&T Internet Services, Inc., f/k/a SBC Internet Services, Inc. and Yahoo! Inc. (collectively, "Defendants") that relate to proprietary information, confidential business information and/or trade secrets that Defendants deem confidential.  Specifically, in connection with Defendants' pending motion for summary judgment, Defendants will produce to counsel for Plaintiffs Stuart Hutchison and Barbara Hutchison (collectively, "Plaintiffs") certain

"churn" data relating to the time period within which Defendants' customers may terminate service and certain documents relating to Defendants' early termination fee provision, and will also provide deposition testimony of a single witness limited to the formation of the early termination fee policy ("Confidential Information"). The Confidential Information is highly proprietary and sensitive information of Defendants which Defendants maintain in confidence in the ordinary course of their business and which would place Defendants at a competitive disadvantage if disclosed to the public. This information should not be disclosed to third parties. This stipulation only relates to the three narrow categories of Confidential Information as defined. If additional discovery is conducted that calls for production of other confidential information, this stipulation will be amended by a supplemental submission; and

WHEREAS, it has been agreed by and among the parties in this action, through their respective counsel, that a protective order preserving the confidentiality of the Confidential Information should be entered by the United States District Court for the Central District of California for the purposes of avoiding or minimizing discovery disputes as to such information. Plaintiffs do not contest such a designation; and

WHEREAS, the Court has reviewed the terms and conditions of this protective order submitted by the parties and for good cause shown,

**IT IS HEREBY ORDERED THAT:**

1. This order shall govern the production, use and maintenance of Confidential Information produced in discovery in this action, including testimony given at any deposition, documents, and other discovery materials produced by Defendants within the meaning of Confidential Information as set forth above, and designated as such pursuant to the procedures described herein, and other materials derived therefrom, all of which is collectively included in the definition of "Confidential Information."

2.  The designation of documents or deposition testimony as Confidential Information shall be made by placing a label or impression on each page of the documents or deposition that Defendants designate as confidential. Such label or designation shall say "CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER." All documents and deposition testimony so designated as Confidential Information shall be labeled or stamped prior to the transmission of a physical copy thereof to Plaintiffs' counsel.

3.  If Confidential Information is filed by the Parties or referenced in other papers filed in connection with Defendants' pending motion for summary judgment or otherwise in this action, and Defendants wish to have such information filed under seal, the parties will comply with Local Rule 79-5. Plaintiffs shall not submit or describe any Confidential Information in any documents filed with the Court without first giving Defendants' counsel 5 court days written notice so that there will be sufficient time to submit an application under Local Rule 79-5, to be submitted to the Court on stipulation of the parties. Defendants will be responsible for preparing the application.

4.  Access to all Confidential Information shall be limited to (a) counsel of record for Plaintiffs and their employees with a need to know, (b) expert witnesses or consultants employed in this action by Plaintiffs and their employees, (c) this Court and its employees, and (d) stenographers or other persons preparing transcripts of testimony. The persons identified in subdivisions (a), (b) and (d) of this paragraph to whom the Confidential Information is disclosed, shall hold the Confidential Information in strict confidence, and use or disclose it solely in connection with this action. Confidential Information shall not be disclosed to Plaintiffs themselves.

5.  The persons identified in subdivisions (a) and (b) of Paragraph 4 shall not disclose Confidential Information or discuss the content thereof with any other persons without the prior written consent of Defendants' counsel. If Plaintiffs

should determine that disclosure of Confidential Information to other third parties is necessary or appropriate, Plaintiffs shall request the modification of this Protective Order to permit such additional disclosure. Notwithstanding any of the foregoing provisions of this paragraph, Confidential Information shall not be disclosed to any person (other than the persons identified in subdivisions (a) and (c) of Paragraph 4) unless and until that person signs a Certificate Regarding Confidentiality as provided in Paragraph 6 of this Protective Order.

6.   Disclosure of Confidential Information to each person identified in subdivisions (b) and (d) of Paragraph 4 shall not be made unless prior to such disclosure, each person: (a) is given a copy of this Protective Order by counsel for the party disclosing such Confidential Information, (b) agrees to be bound by the terms of such Protective Order, and (c) certifies by signing a copy of the Certificate Regarding Confidentiality attached as Exhibit "A" that he or she has carefully read the Protective Order, fully understands its terms, and will abide by its terms. Plaintiffs' counsel shall be responsible for maintaining the original signed Certificates, and shall also maintain a list of all persons to whom such Confidential Information is disclosed. At the conclusion of the case, absent further stipulation or Court order, Plaintiffs' counsel shall certify to Defendants' counsel in writing that all such Confidential Information has been returned or destroyed by the persons to whom disclosed, and Defendants' counsel shall be entitled to the list of persons to whom Confidential Information was disclosed to confirm that such destruction or return has taken place.

7.   No person may disclose or use Confidential Information except as set forth in this Order; provided, however, that nothing contained in the order shall affect Defendants' right to disclose or use Confidential Information.

8.   This Protective Order is without prejudice to any rights to object to the production of documents or information on any basis, to apply to the Court for a further protective order, to object to any discovery requests, or to apply to the Court

for an order compelling further discovery, further discovery protection, modification of this Protective Order, or for an order that certain documents and information produced by the other party shall not be deemed "Confidential Information." Should any party object to the designation of confidentiality, that party shall serve written notice on the designating party as to the objections, and within seven (7) calendar days the parties shall meet and confer to resolve the matter.  If a resolution does not occur, a party may challenge the confidentiality designation by motion to the Court.  By producing Confidential Information pursuant to this Protective Order, Defendants do not admit the admissibility as evidence of the Confidential Information.

      9. Upon final termination of this action by way of final judgment or settlement, unless otherwise agreed to in writing by Defendants' counsel or pursuant to further order of the Court, Plaintiffs' counsel shall either destroy all Confidential Information or return all Confidential Information to counsel for Defendants, and shall provide written certification of such destruction or return to Defendants' counsel.

**IT IS SO ORDERED.**

DATED:  December 8, 2008        /s/ Jacqueline Chooljian
                                           United States Magistrate Judge

**SO STIPULATED.**

DATED:  November 21, 2008    ARIAS OZZELLO & GIGNAC

                                       By:  /s/ J. Paul Gignac
                                                J. Paul Gignac
                                                Kiley L. Grombacher
                                                Attorneys for Plaintiffs
                                                Stuart and Barbara Hutchison

DATED:  November 21, 2008     LAW OFFICE OF JOHN B. RICHARDS


By: /s/ John B. Richards
    John B. Richards
    Attorneys for Plaintiffs
    Stuart and Barbara Hutchison

DATED:  December 8, 2008     CROWELL & MORING LLP


By: /s/ Steven P. Rice
    Steven P. Rice
    Theresa C. Lopez
    Attorneys for Defendants
    AT&T Internet Services, Inc. and Yahoo! Inc.

# EXHIBIT "A"

## AGREEMENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIALITY

I,_____
*Type or Print Name of Declarant*

have read the Stipulated Protective Order (the "Order") in the case of <u>Stuart Hutchison and Barbara Hutchison v. AT&T Internet Services, Inc., et al.</u>, United States Court for the Central District of California – Western Division, Case No. CV 07-3674-SVW (JCx).  I agree to comply with all requirements of the Order.  I agree to submit to the jurisdiction of the United States District Court for the Central District of California – Western Division concerning any action or dispute relating to the Order.

I declare under penalty of perjury under the laws of the United States of America and the State in which I reside that the foregoing is true and correct.

Executed this _____ day of _____, 20_____, at _____(location).

_____
*Signature*

_____
*Type or Print Name*

_____
Title/Position